This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 25.
Defendant-appellant James T. Bojar appeals from the trial court's denial without a hearing of his Crim.R. 32.1 motion to withdraw his guilty plea to drug charges entered in 1987. Defendant claims the trial court abused its discretion in not holding a hearing or granting the motion because defendant's plea was induced by counsel's misrepresentation that his state sentence would be satisfied by time served concurrently in a federal prison. We find no error and affirm the denial of the motion.
On March 24, 1987, federal agents arrested defendant Bojar for delivering 84.9 grams of cocaine to a confidential informant. Defendant was transported to the Cuyahoga County Jail pending state drug law charges.
On April 8, 1987, defendant was indicted by the Cuyahoga County Grand Jury on three counts of drug trafficking (R.C.2925.03) and one count of possession of criminal tools (R.C.2923.24). Following plea negotiations, the State agreed to amend count one to reflect a second degree felony and nolled counts two and three of the indictment. On April 17, 1987, defendant entered a negotiated guilty plea to the amended count one of drug trafficking and to count four, possession of criminal tools.
On July 30, 1987, the trial court sentenced defendant to a term of imprisonment of three years actual to fifteen years on count one and one year on count four, to be served concurrently. Additionally, the trial court indicated that the sentences on both counts were to run concurrently with a five-year sentence imposed on July 28, 1987 for firearm violations in U.S. District Court (Case No. 87-104). Defendant was transferred to federal custody and served a period of thirty-eight months and seventeen days in federal prison. Prior to his release from federal custody on March 8, 1990, defendant, represented by trial counsel, filed a motion to withdraw the state detainer against him on the grounds his "state sentence was to be served concurrently with the federal sentence." This motion was overruled by the original trial judge on March 13, 1990. No appeal was taken.
On November 9, 1990, defendant was transferred from federal to state custody pursuant to a detainer filed in 1987 respecting his drug trafficking state offenses.
On April 4, 1991, defendant filed a motion to return the prisoner and place him on conditional probation pursuant to R.C. 2951.04(C) for a drug dependency hearing. The original trial judge denied this motion on May 13, 1991. No appeal was taken.
On August 25, 1993, defendant filed for shock probation. The trial court denied this motion on October 18, 1993 for lack of jurisdiction since "actual incarceration" was imposed. This Court allowed a delayed appeal from that ruling. On May 31, 1994, this Court affirmed the lower court's denial of shock probation. State v. Bojar (May 31, 1994), Cuyahoga App. No. 66332, unreported.
Defendant filed another delayed appeal arguing the trial court's guilty plea and sentencing journal entries were vague as a matter of law. On February 6, 1995, defendant's second delayed appeal to this Court resulted in an affirmance of the conviction. State v. Bojar (Feb. 6, 1995), Cuyahoga App. No. 66657, unreported. The Ohio Supreme Court denied defendant leave to appeal on June 14, 1995. State v. Bojar (June 14, 1995), Supreme Court No. 95-608.
Defendant has since filed two petitions for post-conviction relief pursuant to R.C. 2953.21, both of which have been denied by the trial court. The first petition raised ineffective assistance of counsel due to counsel's failure to explain to him the elements of the offense to which he pled on the amended indictment. The second petition for post-conviction relief raised the issue that is before us on appeal. That is, his State sentence was to be served concurrently with his federal sentence with no time to be served in state prison. The trial court denied both petitions. The last denial was February 13, 1997 by the trial court which denied the motion finding defendant was barred by res judicata in presenting his concurrent sentencing claim and his claim was without merit.
Defendant's third appeal to this Court from denial of post-conviction relief was dismissed on April 21, 1997 for failure to transmit the record. State v. Bojar (April 21, 1997), Motion No. 82678. On August 18, 1997, defendant filed a motion to withdraw his guilty plea in which he again raised his concurrent sentencing argument. This was denied by the trial court without opinion on June 23, 1998, from which this appeal ensued.
Defendant's two assignments of error state as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT THE APPELLANT'S MOTION TO WITHDRAW PLEA WHERE THE PLEA WAS INDUCED BY COUNSEL'S REPRESENTATION THAT THE APPELLANT'S STATE SENTENCE WOULD BE SATISFIED BY TIME SERVED IN A FEDERAL CORRECTIONAL INSTITUTION.
 II. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT A HEARING ON THE MOTION TO WITHDRAW PLEA WHERE THE TESTIMONY TO BE PRESENTED WOULD REQUIRE THE COURT TO GRANT THE MOTION.
We will address Assignments of Error I and II together because they are interrelated.
Defendant argues that he should be allowed to withdraw his negotiated plea of guilty pursuant to Crim.R. 32.1 because manifest injustice has resulted from the State's alleged failure to conform to the terms of defendant's plea agreement. Defendant states that he was told by his defense counsel that his state sentence would run concurrently with his federal sentence and that both sentences would be served completely in federal custody. Defendant contends that he relied on defense counsel's statement and would not have entered his guilty plea if he had known that he would be serving an extended term of imprisonment in state custody after completion of his federal sentence. Subsequent to the expiration of defendant's federal sentence, defendant was transferred into state custody to serve the balance of his state sentence.
Crim.R. 32.1, which governs the withdrawal of guilty pleas, provides in pertinent part:
 [A] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to correct manifest injustice, the court after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea.
A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court.State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. A hearing on a post-sentence motion under Crim.R. 32.1 is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn. State v. Blatnik
(1984), 17 Ohio App.3d 201, 204.
The defendant has the burden of establishing the existence of manifest injustice. Smith, supra, at 264. While there is no stated time period within which to file a Crim.R. 32.1 motion, the Ohio Supreme Court has indicated that an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Id. We find defendant's appeal without merit and his claims barred by res judicata.
The sentencing journal entry dated July 30, 1987 demonstrates that the defendant was sentenced to an indefinite three to fifteen-year term at the Chillicothe Correctional Facility. Additionally, the trial court ordered the sentence to run concurrently with the federal sentence, a five-year term of imprisonment, under the supervision of federal authorities. To the extent that the state sentence could run concurrently with the federal sentence, it obviously did. Once defendant served his federal sentence, the original indefinite state sentence continued. Accordingly, there was no breach of the plea agreement by the State.
Furthermore, defendant has raised this very issue on three previous occasions and the trial court has ruled against him. On March 13, 1990, the original trial judge who sentenced him overruled his motion to withdraw the state detainer in place when he was about to be released from federal custody. On May 13, 1991, his motion to be placed on conditional probation was denied by the original trial judge. No appeal was taken from these rulings. obviously, the original trial court judge believed that his sentencing order meant that defendant would serve his federal time first and his state sentence would run concurrently and continue after his federal incarceration concluded. Therefore, res judicata prevents him from raising the issue again.
Defendant raised the argument a third time in his second post-conviction relief motion. The trial court found thatres judicata prevented him from asserting his claim. Although he appealed from the trial court's denial of that post-conviction relief motion, this Court dismissed the appeal for the defendant's failure to transmit the record. This same situation occurred in State v. Lake (March 28, 1996), Franklin App. No. 95APA67-847, unreported. In that case the court held:
 [D]efendant has already challenged the validity of his guilty plea in a previous motion for post-conviction relief. In that motion, defendant argued that his mental illness precluded him from entering a guilty plea that was knowing, voluntary and intelligent. The court denied the motion for post-conviction relief, finding that defendant's guilty plea was valid. Defendant appealed this decision and his appeal was subsequently dismissed for his failure to file a brief. Thus, the issue of whether or not defendant's plea was valid has already been determined, and appellant's claim that his plea is invalid is barred. It should also be noted that defendant failed to raise the issue of ineffective assistance of counsel in his first motion for post-conviction relief. Therefore, this claim has been waived.
 Pursuant to his Crim.R. 32.1 motion, defendant has merely offered the court a second reason for why his plea was not voluntary. This reason could have been asserted in the defendant's first motion for post-conviction relief. It was not and is, therefore, waived.
Likewise, in the case herein, the defendant failed to raise the concurrent sentencing issue in his first post-conviction relief motion and therefore waived it. He asserted it in his second petition for post-conviction relief, and the trial court found res judicata barred the claim as he could have presented the issue in his first petition. This Court's dismissal of defendant's appeal from the court's denial of the petition further bars him from raising the issue yet again in his motion to withdraw his plea. Id.
Defendant's Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _____________________________________ TERRENCE O'DONNELL, JUDGE
 _____________________________________ JOHN T. PATTON, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).